**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 14-02268 MMM (JEMx) | Date | July 11, 2014 |

Title  *Johnson v. Standard Insurance Co., et al.*

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  **Order to Show Cause Why Case Should Not Be <u>Dismissed</u> for Lack of Subject Matter Jurisdiction**

The party invoking federal jurisdiction bears the burden of establishing the existence of subject matter jurisdiction. See *Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375, 377 (1994); *In re Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001); *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). At the pleading stage, this burden is satisfied by alleging facts that show a proper basis for jurisdiction. FED.R.CIV.PROC. 8(a)(1) (a complaint "shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends"); see *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) ("The prerequisites to the exercise of jurisdiction are specifically defined and the plain import of the statute is that the District Court is vested with authority to inquire at any time whether these conditions have been met. They are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor. He must allege in his pleading the facts essential to show jurisdiction").

The complaint must show "affirmatively and distinctly the existence of whatever is essential to federal jurisdiction, and if [it] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Communities For A Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001). Since subject matter jurisdiction must be affirmatively alleged, courts will not infer allegations supporting the exercise of jurisdiction. See *Watson v. Chessman*, 362 F.Supp.2d 1190, 1194 (S.D. Cal. 2005); see also *Tosco Corp.*, 236 F.3d at 499; *Century Southwest Cable Television, Inc. v. CIIF Assoc.'s*, 33 F.3d 1068, 1071 (9th Cir. 1994).

In the present case, the pleadings do not appear to establish that the court has subject matter jurisdiction to hear the case.  Specifically, the court notes the following deficiencies:

_____The pleadings do not adequately show that the court has federal question jurisdiction under 28 U.S.C. § 1331.

__X____The pleadings do not adequately show that the court has diversity jurisdiction under 28 U.S.C. § 1332.  Specifically, the pleadings fail to show that:

_____The amount in controversy exceeds the sum or value of $75,000 (28 U.S.C. § 1332(a)).

__X____There is complete diversity of citizenship between the parties (28 U.S.C. § 1332(a)(1)-(4)).  Specifically, the pleadings fail to show the citizenship of:

__X____Plaintiff(s) Mark Johnson (pleading residency is not sufficient to plead citizenship)
__X____Defendant(s) Standard Insurance (complaint does not plead principal place of business)

_____The amount in controversy exceeds the sum or value of $5,000,000 (28 U.S.C. § 1332(d)(2)).

_____There is minimal diversity between the parties (28 U.S.C. § 1332(d)(2)(A)-(C)).

_____The number of members of all proposed plaintiff classes is at least 100 (28 U.S.C. § 1332(d)(5)(B)).

_____Other:_____

_____

_____

Accordingly, the court orders **plaintiff** to show cause in writing on or before **July 18, 2014** why this action should not be **dismissed** for lack of subject matter jurisdiction.  If **plaintiff** responds to this order to show cause, **defendant** may file a reply on or before **July 25, 2014**.

Should **plaintiff** fail to respond to this order to show cause by **July 18, 2014**, the court will **dismiss the case** forthwith.